UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Richard Gero,
    Petitioner,

v.                                                                     Civil Action No. 2:09-CV-103

Andrew Pallito, Commissioner,
Vermont Department of
Corrections,
    Respondent.

## REPORT AND RECOMMENDATION
(Docs. 1 and 22)

Richard Gero, a Vermont inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Gero was convicted in state court after pleading guilty to charges relating to a burglary, and was subsequently sentenced to ten to twenty years in prison. Gero did not appeal his conviction, but did file a petition for post-conviction review ("PCR") arguing ineffective assistance of counsel. The PCR court declined to appoint an expert to testify on Gero's behalf, and granted the State's motion for summary judgment on the ineffective assistance claim. The ruling was affirmed on appeal.

Gero now asks this Court to find that the Vermont Supreme Court was unreasonable in holding that, even assuming error with respect to his request for an expert, Gero had failed to show "how any of counsel's alleged deficiencies had any effect on the outcome of his case." Pending before the Court are Gero's petition and the

respondent's motion to dismiss. For the reasons set forth below, I recommend that the Court GRANT the respondent's motion, DENY the petition and DISMISS this case.

## Factual Background

In November 2002, Gero was charged with a series of criminal offenses after he allegedly took part in the burglary of an apartment in Brattleboro, Vermont. The State's information alleged that Gero entered the apartment while armed with a dangerous weapon, committed assault and stole a purse. In addition to bringing charges arising directly out of the burglary, the State gave notice of its intent to proceed against Gero under Vermont's habitual offender statute.

After the public defender moved to withdraw as Gero's counsel, the trial court appointed Gerald Altieri, Esq. A weight of the evidence hearing was held pursuant to 13 V.S.A. § 7553, and the court detained Gero without bail. The trial judge also notified the parties that she had participated in one of Gero's previous prosecutions when she served as a prosecutor in the State's Attorney's Office. After discussing the matter with counsel, Gero agreed in open court to waive any potential conflict the judge might have. (Doc. 14-2 at 5-6.)

In February 2003, Gero asked the court to appoint him new counsel, citing a lack of communication with his attorney. The court denied the motion, and instructed Gero to consult with Attorney Altieri immediately after the hearing. (Doc. 23-1.)

Gero's trial began on June 25, 2003. On the first day of trial, the State called three witnesses, two of whom were present in the apartment during the robbery. The third

witness was Gero's co-defendant, Jason Thayer, who invoked his Fifth Amendment privilege and declined to answer any substantive questions. (Doc. 16-1.) On the second day of trial, the State presented several additional witnesses, including Lisa Hutchins, the target of the burglary who, along with others in the apartment, had allegedly been assaulted. (Doc. 23-3.)

On the third day of trial, Gero changed his plea to guilty on the State's charges of burglary, assault and robbery, and simple assault, as well as two counts of violating his conditions of release. As part of the plea agreement, the State agreed to drop one assault charge and the habitual offender enhancement. The State also agreed to cap its sentencing recommendation at ten to twenty years. The court conducted a Rule 11 colloquy, and accepted Gero's plea. (Doc. 14-5.)

Prior to sentencing, Gero filed motions to dismiss his attorney, to disqualify the trial judge, and to withdraw his guilty plea. The trial judge disqualified herself from any further proceedings, and the new judge granted the motion for substitute counsel. The court also directed new counsel to determine whether there was a sufficient basis for seeking the withdrawal of Gero's plea. On December 2, 2003, counsel re-submitted the motion to withdraw the guilty plea.

The court denied the motion to withdraw the plea. In his motion, Gero argued that at the time of his plea he was suffering from a head cold, that he had not been sleeping well, and that he had been pressured by his fiancée to accept the State's offer. Each of

these issues was discussed during the Rule 11 colloquy. In a lengthy written opinion, the reviewing judge found that

> it is difficult to imagine a more searching inquiry being made [by the trial judge], following the reservations Defendant initially expressed about whether he could carry through with the plea agreement. Prompted as well by the State's concerns, the Court repeatedly gave Defendant the opportunity to explain that lack of sleep or pressure from others had interfered with his ability to make a voluntary plea . . . . Indeed, Defendant himself insisted that he wanted to "resolve" everything, at the point when [the prosecutor] withdrew his plea offer. His subsequent responses plainly demonstrate his awareness of the stark choice he faced – whether to proceed to verdict in the jury trial and the possibility of being sentenced as an habitual offender, or to plead guilty in order to insure a maximum sentence of 10 – 20 years. He made the choice that gave him the certainty he desired.

(Doc. 22-12 at 67-68.) In response to Gero's additional claims of irregularities in the Rule 11 proceeding, the court found that the trial judge had reviewed each count, including the factual elements of each charge, and confirmed that Gero understood the State's burden. As to Gero's claim that the trial judge failed to specifically obtain his acknowledgement that facts could be established to support each charge, the court found no merit in this argument.

> To the contrary, any reasonable consideration of the totality of the transcript of Defendant's guilty plea must yield the conclusion that he was completely aware of the nature of the charges, fully cognizant of the facts that had been adduced to prove them, acutely apprehensive of a likely guilty verdict if the trial went to conclusion, and consciously deliberate in cutting his likely losses by accepting a plea agreement that eliminated his exposure to up to a life sentence as an habitual offender. Rule 11 was wholly satisfied.


                                           4

*Id.* at 69-70. The court also found that the State would be prejudiced by the withdrawal, having "marshaled its witnesses" and presented its case to the jury, and that Gero's "present strategy can only be described as a stall." *Id.* at 70.

On September 17, 2004, Gero was sentenced to 10 to 20 years in prison. On September 28, 2004, he filed a notice of appeal, but several months later stipulated to dismissal of the appeal.

In 2005 and 2006, Gero filed PCR petitions in Windham Superior Court. His petitions included a wide range of complaints about Attorney Altieri, including claims that counsel: failed to property investigate the case; did not provide adequate representation at the weight of the evidence hearing; failed to inform Gero of his right to seek recusal of the trial judge; did not communicate with Gero; allowed co-defendant Thayer to appear before the jury in leg-irons; allowed Gero to enter an involuntary plea; and made coercive and threatening statements to his client. Gero argued that Altieri's conduct might have been due to the fact that counsel was suffering from terminal cancer and was on heavy medications. (Doc. 22-12 at 19-45.)

The Office of Prisoners' Rights, Seth Lipschutz, Esq., was appointed to review the case, and subsequently advised Gero that his claims lacked merit. (Doc. 1-1 at 10.) As a result, Gero proceeded in the PCR case *pro se*. In October 2006, the State moved for summary judgment, arguing that Gero had failed to offer expert testimony with regard to Altieri's performance. In January 2007, Judge Hayes issued an entry order stating that "the petitioner must have an expert witness," and that "[i]n order to locate and retain an

5

appropriate expert witness, the court concludes, the petitioner must be represented by counsel." Accordingly, Judge Hayes ruled that unless Gero objected, she would appoint counsel and give Gero 45 days in which to identify an expert. (Doc. 1-2 at 2-3.)

Gero did not decline the appointment of counsel, and the state court subsequently appointed Mark Furlan, Esq. In June 2007, Furlan wrote to the Vermont Defender General, notifying him that he agreed with the conclusion reached previously by Attorney Lipschutz. Specifically, Furlan wrote that "the evidence presented against [Gero] at trial overwhelmingly pointed to his guilt." With regard to claims of Altieri's performance, Furlan opined that "[a]ll of the (non-infant) persons who were in the apartment during the break-in were called as witnesses at trial, and Jerry did the best he could to cross-examine and impeach them. The problem for Mr. Gero was that their versions of events were all consistent with one-another." Furlan also concluded that, even assuming that Altieri's "performance was somehow substandard, because of the overwhelming body of evidence presented against Mr. Gero, I do not see any way the outcome of this case was ever going to be anything other than a conviction[]." (Doc. 1-2 at 4-5.) Furlan subsequently moved to withdraw as counsel, and in September 2007 the court granted his motion.

In February 2008, Judge Howard denied Gero's motion to appoint an expert. Referencing the analyses already conduct by Attorneys Lipschutz and Furlan, the court saw no need for a legal expert when Gero "had this benefit in the review by two different lawyers already as to the quality of his claims, neither of whom supported them . . . . The petitioner essentially asks for a third lawyer to do an analysis that has occurred twice

6

already." The court also found that Gero "totally fails to show how expert assistance would have any effect on" the issues raised in the PCR petition. (Doc. 1-2 at 6.)

The State subsequently renewed its motion for summary judgment, and the court granted the motion. As summarized by the Vermont Supreme Court, the lower court found

> that petitioner had not shown that any of counsel's alleged pre-trial deficiencies (at petitioner's bail hearing, for example) had any effect on the outcome of the case; that his performance at trial was affected by his illness or below the standard of competent representation; or that the plea was coerced or rendered involuntary in any way because of counsel's performance, but rather was driven by the overwhelming evidence of guilt and the relatively favorable plea agreement. The court noted, in this regard, that petitioner had offered no "medical or other expert opinion on this or the nature of any medications taken, or even if such were involved, nor any expert legal opinion evidence concerning such."

*In re Gero*, 2009 WL 428005, at *2 (Vt. Feb. 4, 2009).

Gero appealed the ruling, arguing that the Superior Court had erred in denying his request for an expert, and in citing the lack of expert evidence as a ground for granting summary judgment. The Vermont Supreme Court affirmed, concluding that even assuming lower court error with respect to appointment of an expert, Gero had failed to satisfy the prejudice prong of an ineffective assistance claim.

> As the trial court noted, petitioner made virtually no showing as to how counsel's conduct at petitioner's bail hearing might have had any impact on the trial or guilty plea, nor any showing that the trial judge harbored the slightest bias or that counsel's allegedly negligent failure to request the judge's disqualification would have altered the outcome. As for counsel's representation at trial, the court found that, in light of the powerful evidence of petitioner's guilt, "even if [counsel] could have done some trial work differently or more effectively, the court cannot find disputed facts that would show a different outcome was likely." As to petitioner's allegation

7

> that his plea was somehow rendered involuntary because of ineffective assistance, the court found that even if it "gave the petitioner the benefit of such conclusory claims, he does not demonstrate how a different result would have reasonably or likely have been obtained with a different performance." Eyewitnesses testified consistently to petitioner's guilt, and petitioner himself admitted the elements of the offense in entering his guilty plea. Accordingly, we find no basis to disturb the court's conclusion that petitioner failed to establish the elements of prejudice essential to a viable ineffective-assistance claim, and therefore no basis to disturb the judgment.

*Id.* at *3.

Gero now seeks a federal writ of habeas corpus, claiming that "[t]he Vermont Supreme Court's decision to deny Petitioner access to expert services" and to affirm the lower court's summary judgment ruling violated his Sixth Amendment right to counsel and his right to due process. He also claims that the decision was based on an unreasonable determination of the facts in light of the evidence presented. The respondent has moved to dismiss the petition, arguing that the ineffective assistance claim lacks merit, that state law errors are not cognizable in a federal habeas proceeding, and that Gero has failed to exhaust several of his claims.

## **Discussion**

When an issue has been decided by the state's highest court, a federal court's power of review under 28 U.S.C. § 2254 is limited. *Wilson v. Mazzuca*, 570 F.3d 490, 499 (2d Cir. 2009) (citing "deferential standard of review"). Specifically, under 28 U.S.C. § 2254(d)(1), this Court may grant relief where the relevant state-court decision was either "contrary to . . . clearly established federal law, as determined by the Supreme Court" or "involved an unreasonable application of . . . clearly established Federal law, as

8

determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). The Court may also grant relief where the state-court decision resulted "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

The Second Circuit has held that a "state court decision is 'contrary to' existing Supreme Court precedent (i) when it applies a rule of law 'that contradicts the governing law set forth in' the Supreme Court's cases, or (ii) when it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent.'" *Lurie v. Wittner*, 228 F.3d 113, 127 (2d Cir. 2000) (citations omitted) (quoting *Williams*, 529 U.S. at 405-06). With respect to the "unreasonable application" prong of Section 2254(d)(1), a "petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." *Lynn v. Bliden*, 443 F.3d 238, 246 (2d Cir. 2006). The Court may not issue the writ simply because it concludes "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather the application must also be unreasonable." *Lurie*, 228 F.3d at 129 (quoting *Williams*, 529 U.S. at 411); *see also Policano v. Herbert*, 507 F.3d 111, 115 (2d Cir. 2007).

Gero purports to be bringing an ineffective assistance counsel claim, and argues that his claim must be analyzed under the "unreasonable application" standard. (Doc. 1-1 at 18) (citing *Lynn*, 443 F.3d at 247 ("An ineffective assistance claim asserted in a habeas petition is analyzed under the 'unreasonable application' clause . . . because it is past

9

question that the [ineffective assistance of counsel] rule set forth in [*Strickland v. Washington*, 466 U.S. 668 (1984)] qualified as clearly established Federal law, as determined by the Supreme Court . . . .")). The Supreme Court has instructed that this standard is sensitive to the generality of the legal rule at issue. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). With respect to ineffective assistance claims, the Supreme Court has determined that the standard is a general one, and that "a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009).

Here, the issue raised before the Vermont Supreme Court was whether the Superior Court unlawfully denied Gero access to expert services and "improvidently granted summary judgment to the State." (Doc. 22-11 at 2.) In his appellate brief, Gero argued that under Vermont law, 13 V.S.A. § 5231(2), he had met his burden for appointment of an expert. *Id.* 7-8 (citing *In re Barrows*, 2007 VT 9, ¶ 6, 917 A.2d 490, 495). He also argued that, in relying in part on a lack of expert testimony, the court should not have granted summary judgment. *Id.* at 10.

The respondent now contends that Gero's claim with respect to appointment of an expert raised an issue of purely state law, and is thus not reviewable under § 2254. "It is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violated the Constitution, laws, or treaties of the United States." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). Gero's sole claim of entitlement to an expert derived

from Vermont's Public Defender Act, which provides needy defendants or prisoners "necessary services and facilities of representation." 13 V.S.A. § 5231(2). The provision has been construed to cover the services of expert witnesses. *See, e.g., State v. Wool*, 648 A.2d 655, 660 (Vt. 1994). Specifically referring to petitioners in post-conviction review proceedings, the Vermont Supreme Court has noted that "there is no constitutional requirement to provide PCR petitioners" with the services of an expert, and that "the right to such services is entirely statutory." *In re Barrows*, 2007 VT 9, ¶ 7 (citing *In re Gould*, 2004 VT 46,¶ 13, 852 A.2d 632, 635). A denial of expert services is, therefore, a matter of Vermont law, and beyond this Court's power of review. *Estelle*, 502 U.S. at 68.

In Gero's appeal, however, the Vermont Supreme Court did not address the statutory question. Instead, the Court reviewed Gero's claim under the standard for ineffective assistance of counsel, holding that "[e]ven if we agreed – solely for the sake of argument – with petitioner's claims, it would not alter the judgment, for the trial court also found that petitioner had not shown that a more favorable outcome was reasonably likely absent counsel's alleged deficiencies." *In re Gero*, 2009 WL 428005, at *3. The Court then cited the two-part standard for ineffective assistance of counsel that is well established in both Vermont and federal law, and found that Gero had failed to satisfy the prejudice prong of that standard. *Id.* (citing *In re Koveos*, 2005 VT 28, ¶ 6, 872 A.2d 321, 323).

The ineffective assistance of counsel standard requires a petitioner to first show that counsel's representation fell below an objective standard of reasonableness. *In re*

11

*Grega*, 2003 VT 77, ¶ 7, 833 A.2d 872, 876; *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The petitioner must then establish that counsel's deficient performance prejudiced the defense.  *In re Grega*, 2003 VT 77, ¶7; *Strickland*, 466 U.S. at 691-92.  In Gero's case, the Vermont Supreme Court bypassed the reasonableness question and proceeded straight to the question of prejudice.  As noted above, it found that there was "powerful evidence of petitioner's guilt," that "[e]yewitnesses testified consistently to petitioner's guilt," and that "petitioner himself admitted the elements of the offense in entering his guilty plea."  *In re Gero*, 2009 WL 428005, at *3.  Consequently, the Court found that "petitioner failed to establish the elements of [] prejudice essential to a viable ineffective-assistance claim," and that there was "therefore no basis to disturb the judgment."  *Id.*

The respondent argues that Gero's ineffective assistance of counsel claim is unexhausted, and thus should not be reviewed under § 2254.  Acknowledging that *sua sponte* consideration of a claim by the state court renders that claim exhausted, the respondent nonetheless contends that the ineffective assistance issue was not "fully considered" because the state court reviewed only the question of prejudice.  (Doc. 22 at 32-33) ("The Vermont Supreme Court did *not* address the merits of any claim of attorney error and, as such, Petitioner's claim of ineffective assistance is not properly exhausted.") (emphasis in original).  This argument is misplaced.

As the respondent concedes, several courts have held that "a state appellate court's *sua sponte* consideration of an issue not only satisfies § 2254's exhaustion requirement,

but, more importantly for our purposes, also constitutes an adjudication on the merits that is ripe for federal habeas review." *Alverson v. Workman*, 595 F.3d 1142, 1153 n.3 (10th Cir. 2010) (citing *Comer v. Shriro*, 463 F.3d 934, 956 (9th Cir. 2006), *withdrawn on other grounds*, *Comer v. Steward*, 471 F.3d 1359 (9th Cir. 2006); *Moorman v. Schriro*, 426 F.3d 1044, 1057 (9th Cir. 2005); *Walton v. Caspari*, 916 F.2d 1352, 1356-57 (8th Cir. 1990); *Cooper v. Wainwright*, 807 F.2d 881, 887 (11th Cir. 1986)). When the issue in question is an ineffective assistance of counsel claim, the fact that the state court rendered its decision based upon one prong of the relevant standard does not render the other prong, or the entire claim, unexhausted. *See, e.g, Rompilla v. Beard*, 545 U.S. 374, 390 (2005) (where state court did not consider prejudice prong of *Strickland* standard, federal court performs *de novo* review of prejudice); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003). Indeed, because the Vermont Supreme Court decided the case based upon the lack of prejudice, it would serve no purpose to have Gero return to state court to exhaust the question of whether counsel's performance fell below an objective standard of reasonableness.

For support of his assertion that the Vermont Supreme Court did not give ineffective assistance counsel "full consideration," the respondent cites a Fifth Circuit case for the proposition that a dissenting judge's reference to a claim "'which is ignored by the litigants and the court's majority'" does not qualify the claim as exhausted. *Id.* at 32 (quoting *Jones v. Dretke*, 375 F.3d 352, 354 (5th Cir. 2004)). The situation cited in *Jones* is clearly distinguishable from the facts of this case. Here, a three-justice panel of

13

the Vermont Supreme Court clearly addressed the ineffective assistance claim on its merits, and issued an Entry Order explaining the reasoning of the Court. *In re Gero*, 2009 WL 428005. Consequently, this Court should find that the state court's ruling constituted an adjudication for purposes of exhaustion, and should review that ruling under § 2254's deferential standard.

The Court should also find that the Vermont Supreme Court reasonably applied the ineffective assistance standard, and reasonably determined the underlying facts. *See* 28 U.S.C. § 2254(d)(1). First, the state court set forth the proper standard for determining prejudice. The U.S. Supreme Court has held that in order to show that counsel's performance resulted in prejudice, a petitioner must demonstrate "[a] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. This was precisely the standard applied here. *In re Gero*, 2009 WL 428005, at *3 (citations omitted).

Next, there is no indication that the state court's application of this standard was unreasonable. Gero claims that counsel was ineffective at the bail hearing, but fails to demonstrate how that proceeding ultimately impacted the eventual result at trial. Moreover, the bail hearing claim is not cognizable in a habeas corpus petition given Gero's eventual guilty plea. *See United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996); *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) (declining to address the merits of an ineffective assistance of counsel claim that counsel failed to call certain witnesses at

14

a pretrial suppression hearing because it occurred previous to defendant's guilty plea); *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir. 1989) ("The settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings."). Gero also claims that the trial judge was biased, despite his clear decision prior to trial to waive any potential conflict, and with no showing of how judicial bias might have changed the ultimate outcome of the case.

At trial, several witnesses testified consistently about Gero's role in the burglary. After hearing two days of evidence, Gero decided to enter a guilty plea. In order to show prejudice resulting from his plea, Gero must show "a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Gero's habeas corpus petition and supporting memorandum make reference to various attorney errors, including a failure to object to the introduction of Gero's videotaped "confession," and a failure to object to the prosecution's "ploy" of displaying Gero's co-defendant in shackles. (Doc. 1-1 at 4-6.) Even assuming such errors, the testimony at trial showed that Gero and Thayer planned the robbery together, entered the apartment together, threatened and assaulted the inhabitants, and returned to Thayer's apartment with a purse, cash, and crack cocaine. (Doc. 16-1 at 41-47, 53, 112, 118); (Doc. 23-3 at 87-91.) Attorney Altieri performed cross-examinations, including questioning of Lisa Hutchins about her failure to tell the truth at her deposition (Doc. 23-3 at 54-55), but as the state courts and Attorney Furlan all properly concluded, the

evidence against Gero was very strong. Given this record, the Court should not find a "reasonable probability" that absent counsel's alleged errors, Gero would have insisted on proceeding to a jury verdict.

With respect to the guilty plea itself, Gero submits that counsel persuaded him to change his plea, that he was ill and being pressured by his fiancée, and that "the Court's colloquy was insufficient to determine that Petitioner's pleas were voluntarily made." (Doc. 1-1 at 6-8.) The transcript of Gero's plea, however, shows that the trial court carefully considered the question of voluntariness, and gave Gero a full opportunity to explain any reservations he might have. Ultimately, the court, the prosecution and Gero were all satisfied that the colloquy should proceed. (Doc.14-5 at 18-21.) The record also shows that the trial court carefully explained each charge, ensured that Gero understood the State's burden, and obtained a clear plea of guilty on every count. (Doc. 14-5 at 6-17.)

This Court should therefore find that Gero's claims of attorney ineffectiveness with respect to both counsel's performance at trial and representation at the change of plea are without merit, and that there is no basis for granting relief under 28 U.S.C. § 2254.[1] Specifically, the Court should find that the Vermont Supreme Court did not unreasonably apply the standard for ineffective assistance of counsel, and that the state court did not make any unreasonable determinations of fact in light of the evidence

---

[1] Gero cites a denial of "due process of law" in his grounds for relief, but presents no separate argument on this point. The Court therefore assumes that his due process claim is part of his expert witness and/or ineffective assistance claims, and does not address the question of due process separately.

16

presented. 28 U.S.C. § 2254(d). Gero's petition for a writ of habeas corpus should be DENIED.

## Conclusion

For the reasons set forth above, I recommend that the respondent's motion to dismiss (Doc. 22) be GRANTED, that Gero's § 2254 petition (Doc. 1) be DENIED, and that this case be DISMISSED.

Dated at Burlington, in the District of Vermont, this 16th day of June, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).